**In re Samir B. TLEEL and Lupana Tleel, Debtors.**

**Joseph N. CHBAT, Appellant,**

v.

**Samir B. TLEEL and Lupana Tleel, Robert A. Fischer, Trustee, Respondents.**

**BAP No. CC 86–1787 MoVMe. Bankruptcy No. SA 84–04981 PE. Adv. No. SA 85–0292 PE.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted on May 20, 1987.

Decided Oct. 5, 1987.

---

Robert Schachter, Hitchcock, Bowman, Schachter & Beverly, Torrance, Cal., for appellant.

E. Paul Tonkovich, E. Paul Tonkovich, P.C., Santa Ana, Cal.. for respondents.

Before MOOREMAN, VOLINN and MEYERS. Bankruptcy Judges.

## OPINION

This appeal concerns the contention by appellant that he is entitled to a constructive trust in the proceeds of the sale of a parcel of real property. The trial court, in granting summary judgment on behalf of the trustee, held that the plaintiff could not prevail against the trustee by virtue of 11 U.S.C. Section 544. We agree.

## FACTS

The Tleels, appellees/debtors, acquired a parcel of commercial property in August 1978. The purchase initially involved several parties, including the appellant, Chbat. However, upon completion of the purchase, the Tleels obtained the entire interest in the property by purchasing the interests of the others involved.

In 1979, the Tleels entered into a land sale contract with a third party, Robert Mooney. Chbat, appellant, brought a state court action seeking one-half of the proceeds of that sale. Chbat filed the state court action in 1980, seeking the imposition of a constructive trust on the proceeds of the sale of the property received from Mooney. His claim of entitlement to these funds is based upon an alleged oral partnership agreement between himself and the Tleels formed in 1978. He argues that after he had sold his interest to the Tleels, he was then offered an equal share with the Tleels for his investment in the partnership of approximately $6,650. The goal of the alleged oral partnership was to sell the property.

In 1984, the Tleels filed a chapter 11 petition and on motion of a creditor, a trustee was appointed. The trustee sought court authority to foreclose upon the parcel held by Mooney due to his failure to make the payments under the terms of the land sale contract. In addition, the trustee sought leave to sell the property free and clear of all liens. The court approved both of the trustee's requests, notwithstanding an untimely objection by Chbat.

Chbat has filed an adversary action and alternatively a proof of claim in the bankruptcy matter based upon the alleged oral partnership agreement, seeking imposition of a constructive trust. The trustee filed an answer and counterclaim to the complaint and moved for summary judgment. An objection was also made to the proof of claim. The trustee contends that 11 U.S.C. Section 544 allows him to avoid Chbat's claim. Chbat challenges this contention, claiming that Section 541(d) controls the present issue. He argues that the bankruptcy estate, and hence the trustee, holds only bare legal title to the property in question. Chbat contends that under California law, when a land sale contract is effected the vendor retains bare legal title as security for the transaction while the purchaser obtains "equitable title" to the parcel.

Appellant then argues that the Tleels held only the bare legal title to the property, reserved as security for the transaction. Therefore, as of the commencement of the case, the trustee could only obtain the interest of the debtors, i.e. bare legal title, and therefore does not stand in the shoes of the hypothetical bona fide purchaser or lien creditor.

## STANDARD OF REVIEW

The trial court's entry of summary judgment is a determination as a matter of law and is therefore reviewed *de novo*. *In re Stephens*, 51 B.R. 591 (9th Cir. BAP 1985).

## DISCUSSION

The provision that creates the strong-arm powers of the trustee is 11 U.S.C. Section 544, which provides as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchase exists.

The trial court's order provided that "[a]s a matter of law, plaintiff cannot prevail against the trustee because of the powers

conferred upon him by virtue of Title 11, United States Code Section 544."

Notwithstanding the broad powers conveyed in Section 544, Chbat argues that Section 541(d) is not overridden by Section 544 and that it controls in the instant case. Section 541(d) provides as follows:

Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

As mentioned above, Chbat contends that the debtors retained only legal title to the property, thereby removing it from the bankruptcy estate pursuant to Section 541(d). Appellant argues that he is entitled to the imposition of a constructive trust upon the proceeds of the sale and that such an interest cannot be avoided by the trustee.

The Ninth Circuit has had the occasion to discuss the application of constructive trusts upon bankruptcy estates. In the case of *In re North American Coin & Currency, Ltd.*, 767 F.2d 1573 (9th Cir. 1985), the Court made the following observations:

While we agree that any constructive trust that is given effect must be a creature of [state] law, we cannot accept the proposition that the bankruptcy estate is automatically deprived of any funds that state law might find subject to a constructive trust. * * * A constructive trust is not the same kind of interest in property as a joint tenancy or a remainder. It is a remedy, flexibly fashioned in equity to provide relief where a balancing of interests in the context of a particular case seems to call for it. * * * Moreover, in the case presented here it is an inchoate remedy; we are not

dealing with property that a state court has in the past placed under a constructive trust. We necessarily act very cautiously in exercising such a relatively undefined equitable power in favor of one group of potential creditors at the expense of other creditors, for ratable distribution among all creditors is one of the strongest policies behind the bankruptcy laws.

*Id.*, at 1575 (citations omitted); *see also In re Lewis W. Shurtleff, Inc.*, 778 F.2d 1416, 1419 (9th Cir.1985).

A review of the facts herein indicate that contrary to appellant's contentions, the trial court properly concluded that the trustee may avoid his claim pursuant to Section 544. As is demonstrated below, assuming arguendo that the facts stated by Chbat are true, the appellant is not entitled to the relief he is seeking.

Pursuant to appellant's allegations, in 1978 the Tleels and Chbat orally entered into a partnership to sell the parcel in question. While title to the parcel was held solely in the name of the debtors, it was arguably held for the benefit of the partnership with the express intention of reselling it for a profit. The 1979 sale to Mooney was consistent with this goal and can be construed as being made on behalf of a partnership, if it existed. In fact, in his complaint for constructive trust, Chbat does not challenge the propriety of the sale. Upon the transfer of the property to the purchaser pursuant to the land sale contract, the partnership, and hence the Tleels and Chbat, would retain the bare legal title to the parcel. Nevertheless, as of the commencement of the case herein, the title was solely in the names of the debtors.

Pursuant to Section 544, the trustee is treated as a lien creditor and/or bona fide purchaser as of the date of the commencement of the case. The issue thus presented is whether the trustee, as a hypothetical lien creditor or bona fide purchaser as of the date the petition was filed, may avoid Chbat's claim to the legal title and proceeds from the sale.

As one of his strong-arm powers, the trustee is clothed with the status of a hypothetical bona fide purchaser of real property under Section 544(a)(3). In determining the rights of a bona fide purchaser, we look to state law. *In re Washburn & Roberts, Inc.*, 795 F.2d 870, 872 (9th Cir.1986). Under California law, a purchaser for value without actual or constructive notice of a prior interest is given bona fide purchaser status and thus priority over unrecorded interests. Cal.Civil Code Sections 1213, 1214, 1217 (West 1982). In the instant case, a purchaser at the time of the filing of the bankruptcy petition would not have had constructive notice of the appellant's claimed interest. *See* Cal.Civil Code Section 19. Thus, applicable state law would accord bona fide purchaser status to the trustee in this case.

At the time of the filing of the petition, there were no claims to the interest held by the debtors other than the unperfected, unrecorded claim of partnership proceeds by Chbat. As a hypothetical lien creditor or bona fide purchaser, the trustee could obtain a lien against the interest of the debtors as of the date of the petition, notwithstanding Chbat's claim for a constructive trust. *See e.g. Matter of Torrez*, 63 B.R. 751, 754 (9th Cir. BAP 1986). On this basis, the trustee is entitled to avoid the claim pursuant to Section 544.

■ 11 U.S.C. Section 541(d) does not provide for a contrary result. The rules of statutory interpretation require that these provisions be read in harmony. When read in conjunction with Section 544, it is apparent that Section 541(d) was intended to allow beneficial owners of property, *whose interests cannot otherwise be avoided under Section 544*, to exempt their property from the estate despite the fact that legal title is retained by the debtor. Only under these circumstances can Section 541(d) be said to prevail over the trustee's strong-arm powers. *See e.g. Matter of Quality Holstein Leasing*, 752 F.2d 1009, 1013 (5th Cir.1985). The purpose of this section is to allow holders of beneficial interests which are not subject to avoidance to be protected from the trustee's claims where the legal title resides in the bankruptcy estate.

■ Appellant's interpretation that *all* claims under Section 541(d) should prevail is unsound. Such a reading would favor unsecured claims and secret liens of the nature of that claimed by Chbat and shelter them from avoidance, thereby unduly restricting the strong-arm powers of the trustee, a result not intended by the Bankruptcy Code. *See* 4 *Collier on Bankruptcy*, Par. 544.02, p. 544–5 (15th ed. 1986) (the trustee holds the "status of 'the ideal creditor, irreproachable and without notice, armed *cap-a-pie* with every right and power which is conferred by the law of the state upon its most favored creditor who has acquired a lien by legal or equitable proceedings.' "); *see also In re North American Coin, (supra)* 767 F.2d, at 1575 (favoring strong policy of ratable distribution among all creditors as opposed to favoring one group of claimants). An inchoate claim such as that presented herein by the appellant, tantamount to a secret lien, is therefore avoidable by the trustee and is not protected by the terms of Section 541(d).[1]

It should also be noted that appellant is not left without a remedy. Chbat filed a proof of claim in this matter for the amounts allegedly owed to him as a result of the sale of the partnership asset, which may be determined as an unsecured claim.

Accordingly, the order of the trial court is affirmed. Based upon this disposition, this Panel need not reach the other contentions raised by the appellant.

---

1. In asserting the general predominance of the trustee's avoiding powers over the exclusions specified in Section 541, we advance the clear purposes of the Code and leave room for the provisions found in Subsection 541(d). While Section 541(d) is primarily a reiteration of Section 541(a), it was added to continue the special status given to bona fide secondary mortgage market transactions under the Bankruptcy Act.

*See* 4 *Collier on Bankruptcy*, ¶ 541.24 (15th ed. 1987); *In re Inv. Sales Diversified, Inc.*, 38 B.R. 446, 449 (Minn.1984). These secondary mortgage market transactions are not subject to attack by the trustee as they are not considered real property interests. *See* 4 *Collier*, at ¶ 541.24. However, the appellant does not claim such an interest and thus Section 541(d) is not applicable.