In re James R. OROSCO, dba Jorsco Investment Co., Debtor.

CALIFORNIA FIRST BANK, Appellant,

v.

Robert E. GRIFFIN, Julia A. Griffin, Appellees

James R. Orosco, individually and dba Jorsco Real Estate Development and Investment Co., and as Jorsco Development Company, Orosco Construction Co., a California corporation, individually, and dba Merit Homes, California First Bank, a California corporation, Robert E. Griffin, Julia A. Griffin, Taylor–Thompson Associates, Greg Owen, individually and dba Dynamic Air, Amfac Distribution Corp., a corporation, individually and dba Amfac Plumbing Supply Company, Geary Pacific Corp., a corporation, Jerry Ninnis, Western Title Insurance Company, a corporation, MacKinley, Winnacker, McNeil, A.I.A. and Associates, Inc., a corporation, Safeco Title Insurance Company, a California corporation, Syar Industries, Inc., a California corporation, Henry M. Beaver, individually and dba B & W Underground Construction, Vintage Tile, Inc., a corporation, Ticor Title Insurance Company, a corporation, Electric Supply of Salinas, Inc., individually and dba Electric Supply of Vallejo, Sybil J. Cook, General Electric Company, Green Valley Nursery, Gomini, Cell–Crete Corporation, Build–Tek, Inc. and Cal–Concrete Company, Defendants.

BAP No. NC–87–1933 VJMo.
Bankruptcy No. 4–86–01970–C.
Adv. No. 4–86–0284–AC.

United States Bankruptcy Appellate Panel, Ninth Circuit.

Argued and Submitted May 20, 1988.
Decided Sept. 30, 1988.

**204**

See also, Bkrtcy., 77 B.R. 246.

Cary L. Dictor, Oakland, Cal., for appellant.

Curtis Singleton, Fairfield, Cal., for appellees.

Before VOLINN, JONES and MOOREMAN, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

First Bank of California (appellant) brings this appeal from the bankruptcy court's granting of summary judgment in favor of Robert and Julia Griffin, husband and wife (appellees). The essential question presented involves who should bear the risk of loss caused by a forged and fraudulently recorded title document. Coordinate with this issue is whether the grant of summary judgment was precluded by virtue of factual issues. We affirm.

### FACTS

On May 9, 1984, Mr. and Mrs. Griffin sold to James Orosco, the debtor, for the sum of $1,012,000, property located in Solano County, California known as the Round Oak Property. This property is now a 135 unit apartment complex known as the Round Oak Village Apartments. The Griffins were to receive $500,000 down and a $512,000 note to be secured by a deed of trust on this property.

Apparently the Griffins received their $500,000 down. It is the $512,000 deed of trust, which is in dispute. While the Griffins were to receive a promissory note and deed of trust on the Solano County or Round Oak Property shortly after the sale, they agreed with Orosco that the builder should have first priority as construction lender. In order to do this, the Griffins agreed with Orosco that Orosco would give the Griffins a deed of trust on other property in Alameda County. The deed of trust on the Alameda property in the amount of $512,500 was recorded on August 23, 1984.

According to Mr. Griffin's summary judgment declaration, James Orosco contacted Mr. Griffin, between September 20, 1984 and October 11, 1984, informing him that he, James Orosco, needed a reconveyance of the Alameda property deed of trust in order to obtain "permanent financing" thereon. Mr. Griffin agreed to such reconveyance. Mr. Griffin's consideration was to be that Mr. Orosco would execute a promissory note and secure the same by deeds of trust on both the Solano property and the Alameda property and record both of the deeds simultaneously immediately after receipt of the improvement loan on the Alameda property. In effect, Orosco persuaded Griffin to successively subordinate deeds of trust in the Solano and Alameda County properties to construction loans.

On or about October 11, 1984, James Orosco executed the new promissory note and deeds of trust as promised. On this date, Mr. Griffin executed a request for reconveyance on the Alameda property and a Substitution of Trustee and Reconveyance which was blank as to book and page only and was to be completed and recorded by the title company upon receipt of notice of completion and certificates of occupancy on the Solano property. Mr. Griffin stated that he did not sign a Substitution of Trustee and Reconveyance as to the Solano property. He further stated that on or about December 5, 1984 he learned that James Orosco secured the improvement loan on the Alameda property sometime during October 1984, but had not, as promised, recorded the new deeds of trust on the Solano and Alameda properties.

Mr. Griffin said that he secured the deed of trust on the Solano property and had it recorded on December 5, 1984. Thereafter, in June of 1985, it came to Mr. Griffin's attention that Mr. Orosco had further encumbered the Solano property by executing three new deeds of trust, one of which was to California First Bank (defendant below and appellant herein) on May 7, 1985 in the amount of $1,000,000.

Mr. Griffin, in paragraph 9 of his declaration, filed on or about November 28, 1986, stated that he also learned that the Substitution of Trustee and Request for Reconveyance that he had given to James Orosco on October 11, 1984, had been recorded on May 2, 1985, and had been altered by substituting the word Solano for the word Alameda and the date October 11 was changed to December 11.

In answers to interrogatories propounded to him by the Griffins, Mr. Orosco admitted to altering the Substitution of Trustee and Request for Reconveyance by changing the name Alameda to Solano and by changing the date from October 11 to December 11. The answered interrogatories are dated November 12, 1986.[1]

The trial judge found the following as facts.

*Finding of Fact No. 9.*

Mr. Orosco's written response of November 12, 1986 to the Griffins' interrogatories, provided under penalty of perjury, clearly demonstrate [sic] that Mr. Orosco was not authorized to change Alameda County to Solano County on the pre-executed deed of reconveyance."

*Finding of Fact No. 10.*

Some of Mr. Orosco's responses during a subsequent deposition were equivocal, but do not constitute a withdrawal of the prior sworn testimony found in his answers to the Griffins' interrogatories regarding the alteration of the deed of reconveyance.

The trial judge entered a conclusion of law which provides that "The deed of reconveyance pertaining to the Solano County property and recorded May 2, 1985, con-

---

**1.** Although the bank placed in the record Orosco's deposition taken on January 8, 1987 wherein Orosco said that the last he saw of the reconveyance was when Mr. and Mrs. Griffin left the Safeco offices in which it was signed, and that he could not recall if this reconveyance was for the Alameda County property or the Solano County property, this equivocation has no legal significance since appellant does not dispute the bankruptcy court's conclusion that the document was forged and therefore void *ab initio.* *Hollingsworth Solderless Terminal Company v. Turley,* 622 F.2d 1324 (9th Cir.1980); *Wutzke v. Bill Reid Painting Service, Inc.,* 151 Cal.App.3d 36, 198 Cal.Rptr. 418 (1984); Calif.Penal Code § 470.

stituting the subject matter of this motion for summary judgment is a forged document and is void *ab initio*." (Conclusion of Law A.). The court further concluded that:

> The recordation of the deed of reconveyance in Solano County was not proximately caused by Mr. Griffin's actions in providing Mr. Orosco with a pre-executed deed of reconveyance relating to the Alameda County property. The material alterations of the deed of reconveyance made with Mr. Orosco's knowledge is an intervening act which breaks any proximate cause chain that otherwise might exist. California First Bank's argument that the Griffins should be barred from relief based on their negligence in providing Mr. Orosco with a pre-executed deed of reconveyance is rejected. (Conclusion of Law F, App. p. 232).

The court further concluded that:

> The doctrine of estoppel does not apply to the facts of this case, because the Griffins had no knowledge that the deed of reconveyance had been materially altered and recorded with Mr. Orosco's knowledge prior to the intervening act taken by other persons or parties that have caused some harm to California First Bank. California First Bank's argument that the Griffins should be estopped from retaining relief is rejected. (Conclusion of Law G, App. p. 232).

## PROCEDURAL HISTORY

CMSH–Mohanna Joint Venture, not a party herein, filed "Complaint for Declaratory Relief" naming numerous defendants, including James R. Orosco, the Griffins, and California First Bank seeking declaratory relief as to the "validity, priority and extent of all actual or purported liens and encumbrances against the Property." CMSH–Mohanna filed the complaint because it was a lien creditor of the debtor, and there were many encumbrances on the debtor's property in Solano County, California.

The Complaint alleged, among other things,

that Reagan [Ms. Ellen Reagan, an employee of the debtor] notarized the forged signatures on the Purported Deed of Reconveyance pursuant to a conspiracy by and between Reagan, the Debtor and certain of the other defendants to create the false impression that the [CMSH–Mohanna] Deed of Trust was no longer an encumbrance against the Property. (App. p. 9).

The Complaint also alleged "that the Griffin Deed of Reconveyance was duly executed by the Griffins, and was delivered to the Debtor by the Griffins." In their answer the Griffins deny this allegation.

Shortly after the complaint was filed, the Griffins brought a motion for partial summary judgment. By their motion the Griffins sought a determination of the validity of their security interest in the property in question, under the deed of trust dated October 11, 1984 and recorded December 5, 1984, and prayed for a priority date as of the date of recordation. The motion also requested a determination that the reconveyance of the Griffin trust deed be adjudged "null, void and of no force and effect whatsoever."

California First Bank, a lien creditor whose interest in this property had been recorded in May 1985, responded that there were triable issues of material fact relative to the invalidity of the reconveyance and that therefore summary judgment was inappropriate.

The court granted the Griffins' motion, holding the reconveyance invalid.

## ISSUE

Whether the appellant bank is entitled to a trial on the issues of whether the Griffins were negligent in leaving with Orosco the unexecuted, signed Substitution of Trustee and Reconveyance, and if so, whether this negligence was the proximate cause of the bank's damages?

## STANDARD OF REVIEW

The reviewing court will affirm a grant of summary judgment only if it appears from the record, after viewing all evidence

and factual inferences in the light most favorable to the nonmoving party, that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *In re Stephens*, 51 B.R. 591, 594 (9th Cir. BAP 1985). A grant of summary judgment is reviewed *de novo*. *In re Center Wholesale, Inc.*, 788 F.2d 541, 542 (9th Cir.1986).

## DISCUSSION

### A.

■ Motions for summary judgment are governed by Bankruptcy Rule 7056 which adopts Fed.R.Civ.P. 56. Judgment for the movant should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c).[2]

■ Those facts asserted by the party opposing the motion which are supported by affidavits or other evidentiary material must be regarded as true. *In re Combs*,

40 B.R. 148, 151 (Bankr.W.D.Va.1984), *aff'd* 838 F.2d 112 (4th Cir.1988).

The parties do not dispute that this document was a forged document under California law and thus void *ab initio* and of no legal effect.

Appellant bank contends that it is the more innocent of the two parties who stand to lose by Orosco's fraud. It relies upon Cal.Civ.Code § 3543:

> Where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer.

Since appellant was unaware of Griffin's dealing with Orosco, the question on the record before us is whether Griffin unreasonably or negligently left the signed reconveyance with Orosco. There is also a dispute as to whether this conduct was the proximate cause of appellant's damages.

Orosco's forgery was admittedly a criminal act under California Penal Code § 470. An intervening criminal act of a third person can be the proximate cause of damages to a party. *Barclay Kitchen, Inc. v. Cal.*

2. The record before the trial court consisted of:
   1. The Complaint for Declaratory Relief filed by CMSH–Mohanna Joint Venture,
   2. The Griffins' Answer to the Complaint,
   3. Joint Pretrial Statement by CMSH–Mohanna,
   4. Supplemental Pretrial Statement by the Griffins,
   5. Pretrial Statement by California First Bank,
   6. Answer of California First Bank,
   7. The parties' legal memoranda in support of and in opposition to the Motion for Partial Summary Judgment,
   8. Declaration of Robert E. Griffin in support of Motion for Summary Judgment filed on or about November 28, 1986.
   9. Plaintiff's Answers to Interrogatories in which plaintiff James R. Orosco in another adversary proceeding had answered interrogatories dated November 12, 1986,
   10. Deposition of James R. Orosco taken January 8, 1987,
   11. Declaration of Helen Breedwell,
   12. Excerpts of Deposition of Robert E. Griffin taken on January 16, 1987,
   13. Excerpts from Deposition of Curtis G. Singleton taken February 25, 1987,
   14. Amended Notice of Motion for Summary Judgment filed by the Griffins and the exhibits attached thereto: (a) one in which the heading says "Purchase Contract and Receipt

for Deposit," (b) Deed of Trust and Assignment of Rent dated August 21, 1984, and signed by James Orosco, (c) Deed of Trust and Assignment of Rents dated October 11, 1984, signed by James Orosco, (d) Substitution of Trustee and Reconveyance dated December 11, 1984, signed by Robert E. Griffin and Julia A. Griffin (this is the Substitution of Trustee and Reconveyance which the Griffins say was altered and which they claim they did not sign on the 11th of December), (e) Deed of Trust and Assignment of Rent dated March 25, 1985, signed by James Orosco, (f) Deed of Trust and Assignment of Rent dated April 3, 1985, signed by James Orosco.

California First Bank argues that the trial court improperly considered the interrogatories (item no. 9) because these were from another adversary proceeding and thus would not be admissible at trial. These answers to interrogatories would not be hearsay under Evidence Rule 801(a)(1), and appellant does not demonstrate how they would otherwise be inadmissible. Moreover, since the appellant does not dispute that the document was forged and thus void *ab initio* and of no legal effect, the panel does not need to reach this issue. *Hollingsworth Solderless Terminal Company v. Turley*, 622 F.2d 1324 (9th Cir.1980); *Wutzke v. Bill Reid Painting Service, Inc.*, 151 Cal.App.3d 36, 198 Cal.Rptr. 418 (1984); Calif.Penal Code § 470.

*Bank,* 208 Cal.App.2d 347, 25 Cal.Rptr. 383 (1962) (although the acts of an employee of the defendant bank were clearly criminal, the test applied by the court was whether the bank should have realized that a third person might commit an intentional tort or criminal act); *see also Reusche v. Cal. Pacific Title Insurance Co.,* 238 Cal.App.2d 731, 42 Cal.Rptr. 262 (1965).

### B.

Summary judgment under Rule 56 (and thus under B.R. 7056) should be granted only where it is clear that no issue of fact is involved, and inquiry into the facts is not desirable to clarify the application of the law.

Appellant argues that there are, basically, two factual disputes. First, it contends that Orosco created a factual controversy during the course of a deposition by reference to the Alameda reconveyance not having been possible because it had already been reconveyed. What relevant inference may be drawn from this or how it would relate to a factual dispute in the case before us is inexplicable. There is no question as to Orosco having forged the reconveyance in question. The document was fraudulently switched from the Alameda to the Solano property in order to disencumber the latter property. It is clear, as previously stated, that the document was void *ab initio.* Orosco thereby created a false borrowing base which enabled him to obtain funds from appellant. The burden carried by a summary judgment movant to show lack of factual dispute should not include demonstrably irrelevant or inapposite factual issues. *See Manok v. Southeast District Bowling Asociation,* 306 F.Supp. 1215, 1219 (C.D.Cal.1969), stating:

> It must appear that there is no substantial evidence on a tendered issue or that the tendered evidence is in its nature too incredible to be accepted by reasonable minds, or that conceding its truth, it is without legal probative force. *Whitaker v. Coleman,* 115 F.2d 305 (5th Cir.1940).

The other factual dispute relates to whether, on the record, Griffin knew or should have known that he was dealing with the kind of individual who would forge the reconveyance by fraudulently substituting one property for another. In *Wutzke v. Bill Reid Painting Service, Inc.,* 151 Cal.App.3d 36, 198 Cal.Rptr. 418, 424 (1984), which also dealt with a forged reconveyance, the court generally addressed that issue. It held that the seller and the later encumbrancer "were both unwilling victims of an unscrupulous peculator. There was no basis for finding an estoppel." In the case before us there are no facts which can justify any inference that Griffin could or should have reasonably anticipated that Orosco would engage in diverting and transforming, by forgery, the reconveyance from one property to another.

### CONCLUSION

On the record before us summary judgment in favor of appellees was appropriate. Affirmed.