In re SEAWAY EXPRESS
CORPORATION, Debtor.

NATIONAL BANK OF ALASKA,
N.A., Appellant,

v.

SEAWAY EXPRESS
CORPORATION, Appellee.

BAP Nos. WW–89–1049–MeJAs,
WW–89–1066–MeJAs.
Bankruptcy No. 86–01090.
Adv. No. 86–07935.

United States Bankruptcy Appellate Panel
for the Ninth Circuit.

Argued and Submitted July 21, 1989.

Decided Sept. 27, 1989.

Arthur G. Grunke, Bogle & Gates, Seattle, Wash., for appellant.

Eugene J. Craig, Seattle, Wash., for appellee.

Before MEYERS, JONES and ASHLAND, Bankruptcy Judges.

MEYERS, Bankruptcy Judge:

## I

We are asked to decide whether an unrecorded interest in real property may be avoided under 11 U.S.C. § 544(a)(3) where the failure to record is attributable to an uncooperative debtor. We are also asked whether the prevailing party in such an action is entitled to attorney's fees. The trial court answered the first question in the affirmative and the second question in the negative. We AFFIRM.

## II

### FACTS

National Bank of Alaska, N.A. ("National Bank") extended credit to Seaway Express Corporation ("Seaway") and received in return a perfected security interest in Seaway's accounts receivable. The terms of the loan required Seaway to hold the account proceeds for the bank's benefit and to "promptly execute and deliver all further instruments and documents, and take all further action, that may be necessary or desirable, or that the Bank may request, in order to perfect and protect [the bank's interest]."

Seaway commenced an action in state court to collect a number of overdue accounts and, in settlement thereof, acquired title to a parcel of real property located in Auburn, Washington ("Auburn Property"). National Bank learned of the acquisition and delivered to Seaway a deed of trust to be executed as evidence of the bank's continuing security interest in the account proceeds. When it became apparent that Seaway was unwilling to cooperate with the request, the prodding ceased and no additional effort was made by National Bank to record.

In February 1986, Seaway filed a petition under Chapter 11 of the Bankruptcy Code. The Auburn Property was sold free and clear of all liens and encumbrances. The

sale proceeds were placed in an interest bearing account subject to a determination as to whether National Bank held a perfected interest.

In December 1986, Seaway's bankruptcy case was converted to Chapter 7. A trustee was appointed to administer the assets of the estate. The trustee sought to establish that National Bank possessed no valid interest in the Auburn Property proceeds. On January 4, 1989, after notice and a hearing, the trial court granted summary judgment in the trustee's favor on the ground that the bank's interest in the Auburn Property was unrecorded and therefore avoidable. The trustee's application for attorney's fees was denied. These consolidated appeals followed.

## III

### STANDARD OF REVIEW

A summary judgment may be affirmed only if it appears after reviewing all evidence and factual inferences in the light most favorable to the non-moving party that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Bankruptcy Rule 7056; Fed.R.Civ.P. 56(c); *In re Orosco*, 93 B.R. 203, 206–07 (9th Cir. BAP 1988); *In re Stuerke*, 61 B.R. 623, 625 (9th Cir. BAP 1986). We conduct such a review de novo. *In re Softalk Publishing Co., Inc.*, 856 F.2d 1328, 1330 (9th Cir.1988); *Orosco, supra*, 93 B.R. at 206–07.

## IV

### DISCUSSION

A. *Section 544(a)(3) and Unrecorded Interests*

Section 544(a)(3) endows a bankruptcy trustee with the state law rights of a bona fide purchaser of real property. 11 U.S.C. § 544(a)(3); *In re Marino*, 813 F.2d 1562, 1565 (9th Cir.1987). Because Washington state law permits such a purchaser to prevail over those who take by an unrecorded conveyance, the interest of National Bank in the Auburn Property, if any, was avoidable as a matter of law. RCW 65.08.070;

*In re Washburn & Roberts, Inc.*, 795 F.2d 870, 872 (9th Cir.1986); *Paganelli v. Swendsen*, 50 Wash.2d 304, 311 P.2d 676 (1957). We are not swayed by the bank's three legal propositions to the contrary.

1. *Perfected Interests Do Not Continue in Real Property Proceeds Under the Uniform Commercial Code*

The first of the bank's arguments is premised on the notion that it retained a perfected security interest in the Auburn Property through the operation of RCW 62A.9–306(2), a Uniform Commercial Code provision which states that a security interest continues in identifiable "proceeds." From this premise, National Bank concludes that it has had a continuous interest in the Auburn Property proceeds entitling it to prevail over the interest of the trustee under Section 544(a)(3). Neither the premise nor the conclusion which follows is persuasive.

While it is true that RCW 62A.9–306(1) defines "proceeds" as "whatever is received upon the sale, exchange, collection or other disposition of collateral," it is evident from the introductory language of RCW 62A.9–306(2) that the continuation of a *security interest* therein is subject to RCW 62A.9–104(j), a provision which states that Article 9 protections do not apply to "the creation or transfer of an interest in or lien on real property." It is therefore impossible for us to conclude that a perfected security interest continued in the Auburn Property, and thus in the proceeds from its sale, pursuant to the operation of the UCC. Bowmar, *Real Estate Interests as Security Under the UCC: The Scope of Article Nine*, 12 UCC L.J. 99 (1979) (exceptions to this rule). Even if a continuation of a perfected interest *were* possible under the UCC, such would be insufficient to save National Bank in any event, for Section 544(a)(3) clothes the trustee with the powers of a bona fide purchaser and therefore the capacity to avoid all *unrecorded* transactions involving real property. The fact that an interest in real property is *perfected* under the UCC is irrelevant.

2. *Protections Afforded Equitable Interests By Section 541(d) Do Not Extend to Interests Avoided Under Section 544(a)(3)*

■ National Bank premises its second proposition on the notion that the failure by Seaway to execute a deed of trust in National Bank's favor caused the formation of a *constructive trust* over the Auburn Property and its proceeds. As the beneficiary of such a trust, National Bank urges that it should prevail over the trustee by preventing his acquisition of the Auburn Property on behalf of the bankruptcy estate. We disagree.

National Bank's contention stems from an erroneous construction of 11 U.S.C. § 541(d), a provision which excludes equitable interests in property from the bankruptcy estate where the interests purport to enter the estate under paragraphs (1) or (2) of Section 541(a). It states:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d). Section 541(d) does not comprehend the exclusion of equitable interests avoided by the action of the trustee under Section 544(a)(3), for such interests enter the bankruptcy estate through paragraph (3) of Section 541(a). *In re Lewis W. Shurtleff, Inc.*, 778 F.2d 1416, 1419–20 (9th Cir.1985); *In re North American Coin & Currency, Ltd.*, 767 F.2d 1573, 1575 (9th Cir.1985); *In re Tleel*, 79 B.R. 883, 887 (9th Cir. BAP 1987), *aff'd* 876 F.2d 769 (9th Cir.1989).[1] *See also Belisle v. Plunkett*, 877 F.2d 512, 515 (7th Cir.1989).

Transfers avoided by the trustee under Section 544(a)(3) thus enter the bankruptcy estate *without regard to* Section 541(d). The interest of a constructive trust beneficiary in real property is, after all, an *unrecorded* interest inferior to both a bona fide

purchaser and also the strong arm powers granted the trustee. *In re General Coffee Corp.*, 828 F.2d 699, 704–05 (11th Cir.1987); Note, *The Strong Arm Clause Outmuscles the Constructive Trust—In re General Coffee Corp.: City National Bank of Miami v. General Coffee Corp.*, 39 U.Miami L.Rev. 757, 769 n. 44 (1985). The authorities to the contrary, *Matter of Quality Holstein Leasing*, 752 F.2d 1009, 1013 (5th Cir.1985) and *In re N.S. Garrott & Sons*, 772 F.2d 462, 467 (8th Cir.1985), fail to account for the changes precipitated by the 1984 Amendments to the Bankruptcy Code and "ignores both the policy of protecting general creditors who might have relied on the debtor's ostensible ownership of the property and the fact that any exercise of strong arm powers acts as a recovery of property that is no longer owned by the debtor." *In re Eads*, 69 B.R. 730, 733–34 (9th Cir. BAP 1986), *aff'd in relevant part, In re Probasco*, 839 F.2d 1352 (9th Cir. 1988).

3. *Failure to Record Real Property Interest Is Fatal*

■ In its third argument, National Bank urges that an unrecorded equitable interest in real property is *deemed* recorded where the creditor has attempted to record the interest and its failure to do so is attributable to an uncooperative debtor. We disagree.

While it may be that the equities here advance the standing of National Bank relative to Seaway, the balance of equities between the bank and Seaway's remaining creditors manifests no such bias. With regard to the remaining creditors, we recall the trenchant policy encouraging ratable distribution among those with claims against the estate. *Shurtleff, supra*, 778 F.2d at 1420. In light of this policy and the reasons which follow, we comprehend no persuasive reason to prefer the claim of National Bank.

Section 544 rewards the *diligent* creditor, the one who makes known his interest to the world. *In re Wind Power Systems, Inc.*, 841 F.2d 288, 292 (9th Cir.1988). A

---

**1.** Paragraph (3) of Section 541(a) provides that property of the estate includes any interest recovered under Section 550. With exceptions not relevant here, Section 550 permits the trustee to recover property from transfers which have been avoided under Section 544(a)(3).

party with an unrecorded equitable claim against the debtor must record its claim or otherwise place the trustee and other creditors on notice, lest the latter parties rely upon the debtor's ostensible ownership in extending credit. *In re Probasco, supra,* 839 F.2d at 1354 (finding constructive notice through clear and open possession of real property); *Eads, supra,* 69 B.R. at 733–34; *In re Gurs,* 27 B.R. 163, 165 (9th Cir. BAP 1983) (finding lis pendens sufficient as constructive notice).

In light of these policies, we comprehend no persuasive reason to prefer the claim of National Bank vis-a-vis other creditors. Only constructive notice to the trustee will remove such a claim from the purview of Section 544(a)(3). The authority upon which the bank relies is distinguishable. While a cursory study of *In re Bruce Farley Corp.,* 612 F.2d 1197 (9th Cir.1980) might suggest a foundation, it is evident upon more rigorous examination that the decision is premised upon the lesser grant of power to a trustee under the Bankruptcy Act. *In re Berg,* 45 B.R. 899, 903 (9th Cir. BAP 1984). The broader powers bestowed upon the trustee by the Bankruptcy Code warrant a different result.

### B.  *Attorney's Fees*

Given our conclusion that the bank's interest was avoidable, we are left to determine whether the trustee was thereby entitled to attorney's fees. Attorney's fees are available when a bankruptcy trustee successfully litigates a right arising under state law. *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.,* 791 F.2d 1334, 1340 (9th Cir.1986); *In re Eastview Estates II,* 713 F.2d 443, 451 (9th Cir.1983). Where a successfully litigated right is derived under federal bankruptcy law, however, fees as a general matter are to be denied. *In re Johnson,* 756 F.2d 738, 740 (9th Cir.1985); *In re Coast Trading Co., Inc.,* 744 F.2d 686, 693 (9th Cir.1984).

The distinction between rights which arise under state and federal bankruptcy law is straightforward, as the latter grants certain rights and powers, such as the protection afforded by the automatic stay and the strong arm powers, which do not exist under state law. Thus, when a bankruptcy trustee avoids the operation of a contract through utilization of powers derived from the Bankruptcy Code, as here, attorney's fees are unavailable. *See* 11 U.S.C. § 506(b); *In re Salazar,* 82 B.R. 538, 540 (9th Cir. BAP 1987); *In re Dalessio,* 74 B.R. 721, 722–23 (9th Cir. BAP 1987).

### V

### CONCLUSION

The appellant's unrecorded equitable interest in the Auburn Property was avoidable under Section 544(a)(3) and the trustee's application for attorney's fees was properly denied. The judgment from which the appeal is taken is therefore AFFIRMED.