**In re Byron Lee FULLER and Sharon Linda Fuller, Debtors.**

**UNITED STATES of America, Appellant,**

v.

**Byron Lee FULLER and Sharon Linda Fuller, Appellees.**

**BAP No. WW–91–1166–MeRO.**

**Bk. No. 89–06646.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted September 20, 1991.

Decided Jan. 6, 1992.

---

Emily J. Kingston, Washington, D.C., for appellant.

Karen L. Herrin, Bellingham, Wash., for trustee.

Peter H. Arkison, Bellingham, Wash., for appellees.

## OPINION

Before MEYERS, RUSSELL and OLLASON, Bankruptcy Judges.

MEYERS, Chief Judge:

Chapter 7 Debtors filed a motion for summary judgment seeking a determination that a federal tax lien did not attach to the post-petition inheritance that became property of the estate pursuant to Section 541(a)(5)(A) of the Bankruptcy Code ("Code"). The trial court granted summary judgment in favor of the debtors. We AFFIRM.

## II

### FACTS

Byron and Sharon Fuller ("Debtors") filed for protection under Chapter 7 of the Bankruptcy Code ("Code") on September 13, 1989. On January 11, 1990, one hundred and twenty days later, Mr. Fuller inherited $56,991.13. The inheritance became property of the estate pursuant to Section 541(a)(5)(A) of the Code. The inheritance was, at that time, the estate's sole asset.

On July 9, 1990, the Internal Revenue Service ("IRS") filed a proof of claim for $96,803.31, representing taxes, penalties and interest owed for the years 1982 to 1986. The IRS listed the claim as secured based on a Notice of Federal Tax Lien filed on April 14, 1988.

The Trustee and the Debtors objected to the claim, arguing that the lien had not attached to the inheritance and that therefore the claim was not secured. On the motion for summary judgment, the trial court sustained the objection, holding that the automatic stay prevented the lien from attaching to the inheritance. The Government appeals.

## III

### STANDARD OF REVIEW

■ The Panel reviews summary judgments *de novo*. *In re Hyman*, 123 B.R. 342, 344 (9th Cir. BAP 1991). Summary judgment may be affirmed only if it ap-

pears that the moving party is entitled to judgment as a matter of law. *In re Seaway Express Corp.*, 105 B.R. 28, 30 (9th Cir. BAP 1989), *aff'd*, 912 F.2d 1125 (9th Cir.1990).

## IV

## DISCUSSION

The question before the Panel is whether a pre-petition federal tax lien attaches to a post-petition inheritance brought into the estate by Section 541(a)(5)(A). The trial court held that the automatic stay prevented the lien from attaching to the inheritance. The Government argues that the federal tax lien was unaffected by the automatic stay.

■ We note that where a statute's language is plain, the sole function of the court is to enforce that statute according to its terms. *United States v. Ron Pair Enterprises*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). We therefore examine the law governing federal tax liens and the language of Sections 362 and 541 of the Code in our effort to resolve the question presented.

■ A federal tax lien attaches to all interests held by a taxpayer upon the taxpayer's failure to pay taxes once demand has been made by the IRS. 26 U.S.C. § 6321. The lien is not limited to property then held by the taxpayer, but continues to attach to interests acquired by that taxpayer until the lien is satisfied. *Glass City Bank v. United States*, 326 U.S. 265, 267, 66 S.Ct. 108, 110, 90 L.Ed. 56 (1945). However, the lien does not attach to any specific property until the taxpayer obtains an interest in that property, nor is the lien "choate" or perfected until the property subject to that lien is identified. *United States v. New Britain*, 347 U.S. 81, 84, 74 S.Ct. 367, 369, 98 L.Ed. 520 (1954); *U.S. v. Big Value Supermarkets, Inc.*, 898 F.2d 493, 497 (6th Cir.1990). *See also In re Smythe*, 32 B.R. 736, 737 (D.Col.1983).

■ A petition in bankruptcy generally works to prevent pre-petition liens and other obligations from attaching to property after the petition has been filed. *Morgan*

*Guarantee Trust Co. v. American Savings and Loan*, 804 F.2d 1487, 1491 (9th Cir.1986). This protection is afforded by Section 362 of the Code which provides:

> (a) Except as provided in subsection (b) of this section, a petition ... operates as a stay, applicable to all entities, of:
>
> \* \* \* \* \* \*
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(4) and (5).

■ Under Section 362, the stay is effective against *all* entities and *any* act. "Entities," defined in Section 101(15) of the Code, encompasses governmental units and includes the IRS. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 209, 103 S.Ct. 2309, 2316, 76 L.Ed.2d 515 (1982). In addition, "act" has been interpreted broadly, so that the automatic stay prevents the creation or perfection of a lien, even by "operation of law" where no overt act is required. *In re Parr Meadows Racing Ass'n Inc.*, 880 F.2d 1540, 1544–45 (2d Cir.1989). The stay generally continues until the protected property is no longer property of the estate, the case is closed or dismissed or the debtor's obligations are discharged. 11 U.S.C. § 362(c)(1) and (2).

The statute establishing the federal tax lien and the automatic stay create an apparent conflict between federal tax law and bankruptcy law. Thus the Government, implying that federal tax law overrides bankruptcy law, argues that the lien reaches the inheritance despite the automatic stay. In contrast, the Debtors, asserting bankruptcy law, argue that the automatic stay prevents the lien from attaching to the post-petition acquisition.

■ This conflict, at least as to dischargeable taxes, has been resolved in favor of the debtors and federal bankruptcy law. As a result, the general rule is that a pre-petition lien for dischargeable taxes

does not attach to post-petition acquisitions. *In re Braund,* 423 F.2d 718, 719 (9th Cir.1970). Thus, were we to simply apply *Braund* to the case before us, it is clear that the lien would not attach to the inheritance.

The Government, however, presumably seeks to distinguish this case from *Braund* on the basis of Section 541. While post-petition acquisitions generally are not considered estate property, *In re FCX, Inc.,* 853 F.2d 1149, 1153 (4th Cir.1988), under Section 541, certain acquisitions, including inheritances, become property of the estate if they are acquired within 180 days following the debtor's petition. 11 U.S.C. § 541(a)(5)(A). Thus, while post-petition acquisitions generally are not subject to pre-petition tax liens, the Government would have us adopt a different rule where the acquisition becomes estate property pursuant to Section 541(a)(5).

To determine whether Section 541 would require a result different from the one reached in *Braund,* we turn to Section 541, which states:

>     (a) ... Such estate is comprised of all the following property, wherever located and by whomever held:
>
>     *       *       *       *       *       *
>
>     (5) Any interest in property ... that the debtor acquires or becomes entitled to acquire within 180 days after such date—
>          (A) by bequest, device or inheritance;

11 U.S.C. § 541(a).

■ While Section 541 does bring a limited class of after-acquired property into the estate, nowhere does it indicate that Congress also intended to expose such property to pre-petition liens, nor is the Panel inclined to adopt such an interpretation where it would contradict the express provisions of Section 362 which prevent the post-petition creation or perfection of such liens.

The rule established by *Braund* is that post-petition acquisitions are not subject to pre-petition federal tax liens. 423 F.2d at 719. This rule is consistent with the provisions of Section 362 establishing the automatic stay and we see nothing in Section 541 which would either alter the result reached in *Braund* or otherwise defeat the effect of the automatic stay where, as here, the inheritance was acquired post-petition.

Unsatisfied with the above analysis, the Government argues that the application of the federal tax lien cannot be considered a violation of the automatic stay since "to hold otherwise renders an absurd result: That the operation of federal law under 26 U.S.C. § 6321 violates the automatic stay provisions of 11 U.S.C. § 362."

This position, however, is inconsistent with cases finding that actions taken by the IRS enforcing tax laws may be violations of the automatic stay. *See William E. Schrambling Accountancy Corp. v. U.S.,* 937 F.2d 1485, 1487 (9th Cir.1991); *United States v. Reynolds,* 764 F.2d 1004, 1007 (4th Cir.1985); *United States v. Norton,* 717 F.2d 767, 769 (3rd Cir.1983). Moreover, the Supreme Court has rejected the argument that the IRS is implicitly entitled to special treatment, stating "We see no reason why a different result should obtain when the IRS is the Creditor." *Whiting Pools, supra,* 462 U.S. at 209, 103 S.Ct. at 2316. Rather, as another court explained, "[w]here Congress intended governmental units to receive special treatment, it provided specific exceptions." *In re Price,* 103 B.R. 989, 992 (N.Ill.1989).

The Government also argues that its position is supported by Section 552, which provides that "property acquired ... after the commencement of the [bankruptcy] case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case." 11 U.S.C. § 552(a). While recognizing that Section 552(a) applies only to consensual liens, the Government argues that the effect of Section 552 is to create an exception to the rule. Thus, the Government reasons that the general rule must be that pre-petition liens do attach to after-acquired property, otherwise there would be no purpose for enacting Section 552(a). By identifying the exception, one can discover the rule. *See In re Lively,* 74

B.R. 238, 239 (S.D.Ga.1987), *aff'd without opinion,* 851 F.2d 363 (11th Cir.1988).

There are number of problems with this reasoning, the first being that the Government's argument, at best, cuts both ways. While Section 552(a) prevents the post-petition attachment of certain liens, its counterpart, Section 552(b), allows for the post-petition attachment of certain other liens. As a result, were we to apply the same reasoning to Section 552(b), we would reach the opposite conclusion: if Section 552(b) is the exception, the general rule must be that pre-petition liens do not attach to property acquired post-petition. Indeed, this would seem to be the better argument. *See In re Bering Trader,* 944 F.2d 500, 501–02 (9th Cir.1991); *In re Northview Corp.,* 130 B.R. 543, 548 (9th Cir. BAP 1991).

The more significant problem, however, is that the Government's reasoning ignores the express language of Section 362. The general rule is that the automatic stay prevents the attachment or perfection of *any* interest after the filing of the petition. 11 U.S.C. § 362(a). As a result, any attempt to deduce the general rule from the negative implications of Section 552 is both unnecessary and possibly misleading.

The Government also argues that its position is supported by *In re Lively,* where the court allowed a pre-petition judicial lien to attach to a post-petition acquisition. 74 B.R. at 239. *Lively* relied, however, on the Section 552 analysis which we find unpersuasive. In addition, *Lively* relied, as the Government does here, on cases involving either nondischargeable taxes or property which had either been attached upon pre-petition or was the "proceeds" of property which had been attached pre-petition. All of these cases are distinguishable and do not address the issue on appeal.

In summary, when the Debtors filed their petition they had no interest in the inheritance. As a result, the federal tax lien had not attached, nor could it have been perfected. *Big Value Supermarkets, supra,* 898 F.2d at 497; *New Britain, supra,* 347 U.S. at 84, 74 S.Ct. at 369. By the time the inheritance was acquired, whether by the Debtors or by the estate, the automatic stay was in place, preventing the attachment or perfection of the federal tax lien against the inheritance. *Parr Meadows, supra,* 880 F.2d at 1545.

While Section 541(a)(5) does bring the inheritance into the estate, that statute neither requires, nor implies that such property is also subject to pre-petition liens. Absent such language, the Panel is unwilling to adopt an interpretation contrary to the express provisions of Section 362.

V

CONCLUSION

For the reasons outlined above, the order of the trial court holding that the automatic stay prevented the federal tax lien from attaching to the post-petition inheritance is AFFIRMED.