In re Arlene Frances **CAMPBELL**, Debtor.

Evelyn K. **KRIPPENDORF**, Trustee, Movant,

v.

Arlene Frances **CAMPBELL**, Respondent.

Bankruptcy No. 7–92–01763–RKR–7. Motion No. 2.

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

June 8, 1995.

George A. McLean, Jr., Roanoke, VA, for Trustee.

Alonzo, Long, Office of the U.S. Attorney, Roanoke, VA, for Internal Revenue Service.

DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The matter before the court arises as a result of the motion by the trustee in bankruptcy for the above-captioned estate for a determination as to the secured status of certain judgment liens with respect to certain real property located in the State of New York which became property of the estate under 11 U.S.C. § 541(a)(5)(A). There are of record in New York State three judgment liens and one tax lien. For the reasons stated in this decision and order, the court holds that neither the judgment liens nor the tax lien attached to the property of the estate and the creditors involved do not have a position of priority in the distribution of sales proceeds over unsecured creditors.

*Facts*

Arlene Frances Campbell, the debtor, filed her petition for relief on July 29, 1992. On October 20, 1993, the debtor's mother died and left property located at 4033 Anne Drive, Seaford, New York. Under the laws of intestate succession in the State of New York, the debtor was entitled to inherit a one-half (½) interest in the real property.

By order of this court dated September 15, 1993, the trustee was authorized to sell the property free and clear of liens and to retain the proceeds attributable to the property of the estate pending a determination by this court as to the nature, extent and priority of three judgment liens and an IRS 1040 tax lien all of which had been obtained against the debtor pre-petition and duly recorded in the jurisdiction where the New York real estate owned by her deceased mother was located. The judgments recorded are as follows:

1) Judgment in favor of New York Telephone Company docketed October 6, 1983;

2) Judgment in favor of Key Bank of Long Island docketed on June 27, 1989;

3) Judgment in favor of Joseph Guardino docketed May 1, 1990; and

4) IRS 1040 tax lien docketed on March 19, 1990.

All of the foregoing were docketed against the debtor and no other party.

*Law and Discussion*

At the date of the filing of debtor's petition for relief, all of the above-referenced creditors had inchoate judgment liens which had not attached to the real property owned by the debtor's mother who was then living. When the debtor's mother died on October 20, 1993, 11 U.S.C. § 541(a)(5)(A) operated to bring a one-half (½) interest in the real estate under the jurisdiction of the bankruptcy court. That section states:

(a) The commencement of a case under section 301, 302, or 303 of this Title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance;

It is common knowledge that 11 U.S.C. § 362(a) of the Code imposes a stay, applicable to all entities of "(4) any act to create, perfect, or enforce any lien against property of the estate." Thus, when the debtor filed her petition for relief the automatic stay of 11 U.S.C. § 362(a) was imposed. This stay was in place on October 20, 1993, when debtor's mother died. 11 U.S.C. § 362(c)(1) states:

(c) Except as provided in sub-section (d), (e), and (f) of this section—

(1) The stay of act against property of the estate under sub-section (a) of this section continues until such property is no longer property of the estate.

Pursuant to 11 U.S.C. § 541(a)(5)(A) of the Code, the debtor's entitlement to the inheritance automatically became property of the estate on the date of her mother's death. No lien could attach to that property of the estate because of the automatic stay imposed by 11 U.S.C. § 362(a). The property to which debtor was entitled by inheritance on

the date of her mother's death remains property of the estate in the form of sales proceeds. Under section 362(c)(1), the stay continues in force. Thus, the creditors referenced above are merely unsecured creditors of the debtor's estate insofar as the proceeds from sale of the real property of the debtor's deceased mother is concerned.

The issue raised in this case has been thoroughly reviewed by the bankruptcy appellate panel of the Ninth Circuit. The holding in that case is equally applicable to the case at bar:

> In summary, when the debtors filed their petition they had no interest in the inheritance. As a result, the federal tax lien had not attached, nor could it have been perfected. (citation omitted) By the time the inheritance was acquired, whether by the debtors or by the estate, the automatic stay was in place, preventing the attachment or perfection of the federal tax lien against the inheritance. (citations omitted) While section 541(a)(5) does bring the inheritance into the estate, that statute neither requires, nor implies that such property is also subject to the pre-petition liens. Absent such language, the panel is unwilling to adopt an interpretation contrary to the express provisions of section 362. *In re Fuller*, 134 B.R. 945, 949 (9th Cir.BAP 1992).

 There has been some discussion in this case as to whether the *Fuller* case is distinguishable from the case at bar with respect to the IRS tax lien because the claim of the Internal Revenue Service in the case is a nondischargeable debt. Whether the claim of the IRS is dischargeable is not relevant. The claim of IRS at the date of filing of the debtor's petition was unsecured vis-a-vis the inheritance which arose post-petition. It may well be that the inchoate lien of IRS will attach to any property of the debtor which she acquires post-petition and post-discharge. However, the inheritance was not the debtor's property at the petition date and never became the debtor's property. Section 541 is explicit. Under sub-paragraph (a) the commencement of a case "creates an estate." One of the components of that estate is found in sub-paragraph (a)(5) and is "Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition." This property of the estate will not pass to the debtor at the conclusion of the bankruptcy proceeding. Instead, the trustee will distribute the proceeds from the sale of the real property to creditors according to law. Therefore, the automatic stay imposed by 11 U.S.C. § 362 will never be lifted to permit attachment of the judgment liens and the IRS lien.

Based upon the foregoing, it is

### ORDERED:

That the judgment liens of New York Telephone Company, Key Bank of Long Island, and Joseph Guardino together with the IRS 1040 tax lien be, and they are all hereby determined to be NON–ENFORCEABLE against the proceeds of sale held by the trustee in bankruptcy as a result of her sale of real property in the State of New York which became property of the estate post-petition upon the death of the debtor's mother and the operation of the laws of intestate succession in the State of New York.