In re Roger G. CONNOR, Debtor.

Roger G. CONNOR, Appellee,

v.

UNITED STATES of America, Appellant.

No. 92–36972.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1994.

Decided June 13, 1994.

Bridgett Rowan, Tax Div., U.S. Dept. of Justice, Washington, DC, for the appellant.

M. Gregory Oczkus, Anchorage, Alaska, for appellee.

Before: WRIGHT, SCHROEDER, and BRUNETTI, Circuit Judges.

Opinion by Judge SCHROEDER.

SCHROEDER, Circuit Judge:

The issue in this appeal is whether a federal tax lien had attached to the vested retirement benefits of a retired justice of the Alaska Supreme Court. We must decide whether these vested benefits represent property within the meaning of 26 U.S.C. § 6321 to which the tax lien had attached prior to bankruptcy, or whether the benefits should be regarded as "after acquired property" not subject to the lien. We conclude that the lien had attached prior to bankruptcy.

Roger G. Connor was an associate justice of the Alaska Supreme Court from December, 1968 until he retired in May, 1983. Upon retirement, Connor began receiving monthly payments as provided in Alaska Statutes §§ 22.25.010—25.25.900. Under the statutes, the amount of payment to which a retired justice is unconditionally entitled depends upon the number of years the justice was in active service, and the base salary for Alaska Supreme Court justices in effect at the time of payment.

On November 13, 1985, the IRS assessed Connor for unpaid income taxes for the years 1977 through 1979, totaling in excess of $65,000. A notice of federal tax lien was filed with the Anchorage recording dis-

trict on November 13, 1986. Connor filed a Chapter 7 bankruptcy petition on March 3, 1988, at which time he had paid approximately $12,000 of his outstanding tax debt. Connor's personal liability for the remainder of the debt was discharged in bankruptcy. A preexisting lien on property, however, remains enforceable against that property even after an individual's personal liability has been discharged. *See Dewsnup v. Timm,* —— U.S. ——, ——, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992).

■ Pursuant to 26 U.S.C. § 6321, a federal tax lien attaches to "all property and rights to property, whether real or personal" belonging to a person liable to pay taxes due and demanded. Although the reach of the lien is very broad, it does not apply to property acquired after bankruptcy. *See, e.g., In re Braund,* 289 F.Supp. 604 (C.D.Cal.1968), *aff'd, United States v. McGugin (In re Braund),* 423 F.2d 718 (9th Cir.), *cert. denied,* 400 U.S. 823, 91 S.Ct. 44, 27 L.Ed.2d 51 (1970); *In re Fuller,* 134 B.R. 945 (9th Cir. BAP 1992).

In the bankruptcy proceedings in this case, Connor sought a determination that his future retirement payments were "after acquired property," so that the IRS's tax lien would not be enforceable against any payments received after the bankruptcy filing. The Bankruptcy Court ruled that Connor's personal liability for back taxes was dischargeable in bankruptcy pursuant to a stipulation of the parties, but that the IRS's tax lien remained valid and enforceable against Connor's future pension payments. The Bankruptcy Court reasoned that Connor had an unqualified statutory right to receive these monthly payments, a right that had matured prior to bankruptcy. Therefore the right to future payments constituted "property" of the debtor before he filed for bankruptcy.

The Bankruptcy Appellate Panel ("BAP") reversed, finding Connor's retirement benefits to be "reduced salary" for what the BAP viewed as Connor's continuing service to the State of Alaska. The United States appealed and we now hold the BAP should have affirmed the Bankruptcy Court.

■ This case turns upon the nature of the rights created by Alaska's judicial retirement system. It is not disputed that Connor has enjoyed an unqualified right to receive monthly payments from the State of Alaska since his retirement in May 1983. This right is not contingent upon any future occurrence or service. The right fully vested prior to bankruptcy. Therefore, the Bankruptcy Court correctly held that this unqualified right to receive future payments constituted "property" within the meaning of § 6321. Case authority is firmly in accord. *See, e.g., Seaboard Surety Co. v. United States,* 306 F.2d 855 (9th Cir.1962) (debtor's right to receive payment under a contract is "property" to which tax lien attached even before debtor became entitled to payment by performing the contract); *Leuschner v. First Western Bank and Trust Co.,* 261 F.2d 705, 708 (9th Cir.1958) (debtor's interest in a spendthrift trust is "property" subject to tax lien under § 6321); *Fried v. New York Life Ins. Co.,* 241 F.2d 504 (2d Cir.) (disability payments to be received in the future are "property"), *cert. denied,* 354 U.S. 922, 77 S.Ct. 1382, 1 L.Ed.2d 1437 (1957). It is true that Connor did not contribute any of his own money towards a "retirement fund," and that the Alaska statutory sections setting forth the retirement benefits for retired judges and justices label these benefits as "retirement pay" or "payments," but these facts do not affect his unqualified right to receive them. That is the relevant issue in this case under § 6321. *See United States v. National Bank of Commerce,* 472 U.S. 713, 714–15, 105 S.Ct. 2919, 2921–22, 86 L.Ed.2d 565 (1985); *United States v. Battley (In re Kimura),* 969 F.2d 806, 810 (9th Cir.1992) (whether rights created under state law constitute "property" for purposes of § 6321 is a question of federal law).

The Bankruptcy Appellate Panel looked to Rule 23 of the Alaska Rules of Court, which provides that retired justices may, if called upon and with their consent, serve on a pro tempore basis in their former capacity. The BAP agreed with Connor that this provision made the retirement status of Alaska Supreme Court justices similar to the status of retired military personnel who remain subject to being called back to active duty.

Some courts have held that pension benefits received by such retired military personnel are in the nature of reduced compensation for continued service. *See, e.g., In re Haynes,* 679 F.2d 718 (7th Cir.), *cert. denied,* 459 U.S. 970, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982); *Costello v. United States,* 587 F.2d

424, 426 (9th Cir.1978), *cert. denied,* 442 U.S. 929, 99 S.Ct. 2858, 61 L.Ed.2d 296 (1979). No court, however, has held that payments received by retired military personnel are exempt from § 6321, or that statute's broad definition of "property." Moreover, the Supreme Court has recently made clear that military retirement benefits are to be considered deferred payment for past service rather than current compensation for current service in at least some circumstances. *See Barker v. Kansas,* —— U.S. ——, ——, 112 S.Ct. 1619, 1626, 118 L.Ed.2d 243 (1992) (military benefits are deferred pay for past services for purposes of state taxation).

Regardless of whether the retirement benefits paid to military personnel may be considered after acquired property for purposes of § 6321, it is clear that retired justices of the Alaska Supreme Court differ from retired military personnel in that the retired justices are not subject to any involuntary future service. There is therefore no basis for holding that Connor's pension benefits are property acquired after bankruptcy.

REVERSED.