**In re Freddy ROBERTS, Debtor.**

**Freddy ROBERTS, Plaintiff,**

v.

**UNITED STATES/IRS, Defendant.**

**Bankruptcy No. 695–60095–FRAL3.
Adversary No. 97–6006–FRA.**

United States Bankruptcy Court,
D. Oregon.

Aug. 22, 1997.

Barry L. Taub, Eugene, OR, for plaintiff/debtor.

Ms. Joanne E. Duane, Washington, DC, for defendant.

### MEMORANDUM OPINION

FRANK R. ALLEY, III, Bankruptcy Judge.

#### FACTS

On June 15, 1992, the IRS made assessments against the Debtor for unpaid federal individual income taxes for the years 1984 through 1986 totalling approximately $97,000. Notices of Federal Tax Lien were filed on April 13, 1993 with the Josephine County Clerk's Office and with the Oregon Secretary of State. The IRS thereafter issued a notice of levy against the Debtor's Social Security benefits, the proceeds being applied against Debtor's outstanding tax liability. On January 11, 1995 the Debtor filed his bankruptcy petition and the IRS thereafter filed a proof of claim in the amount $128,270.60. Per the Debtor's confirmed Chapter 13 plan, $7,000 of this amount is secured and the remainder is classified as nonpriority unsecured.

Debtor filed this adversary proceeding on January 9, 1997, alleging that the IRS obtained $1,920 within 90 days of the petition date by way of its levy of Debtor's Social Security benefits. Further, that this constitutes a preferential transfer under 11 U.S.C. § 547 avoidable by the Debtor.[1] The Defendant filed a motion for summary judgment. For the reasons that follow, Defendant's motion will be allowed.

#### DISCUSSION

To prevail in its motion for summary judgment, Defendant must prove that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment would be appropriate if the Defendant can demonstrate that an essential element of Plaintiff's prima facia case is missing. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986).

To prevail in its action, the Plaintiff must prove that the elements of 11 U.S.C. § 547(b) are present. § 547(b) states that a transfer will be deemed preferential, and therefore avoidable, if the transfer is:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

    (A) on or within 90 days before the date of the filing of the petition; or

    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

    (A) the case were a case under chapter 7 of this title;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

#### Defendant's Arguments

The Defendant admits that the first four elements of § 547(b) are present, but argues that the fifth element is not: that the Defendant did not receive more by way of its levy than it would have received had it not levied on the disputed Social Security benefits and instead had been paid through the bankruptcy. The Defendant makes this argument based on the fact that Social Security benefits are exempt from execution for all debts except delinquent federal taxes. 26 U.S.C. § 6334(c). If the IRS had not taken the Social Security benefits pursuant to its tax lien, no other creditors would have been entitled to them. At the petition date, then, the IRS's secured claim would have been $1,920 higher. The IRS would have received the same amount regardless of whether the disputed Social Security benefits had been levied upon.

---

1. 11 U.S.C. § 547(b) allows the *trustee* to avoid a transfer found to be preferential under that section. The Defendant appears to have stipulated to the Debtor being an allowable plaintiff in this proceeding. Because this question has not been raised in Defendant's pleadings, it will not be addressed here.

*Plaintiff's Arguments*

The Debtor argues that there is a likelihood that the Debtor would have spent the Social Security benefits prior to the petition date,[2] so that there would have been no additional property at the petition date subject to the tax lien. This being the case, the Defendant would, according to the Debtor, have to prove for purposes of its motion for summary judgment that the disputed Social Security benefits would have been in existence at the petition date.

*Analysis*

Section 6321 of the Internal Revenue Code creates a federal tax lien on "all property and rights to property, whether real or personal, belonging to [the taxpayer]." 26 U.S.C. § 6321. A question of primary significance in this case is the date on which the IRS is deemed to be secured with respect to the Social Security benefits—at the time of the actual levy, or at the effective date of the federal tax lien. If the former, then the transfers may arguably be preferential under § 547(b). If the latter, then the transfer would have actually occurred at the effective date of the IRS's federal tax lien, rather than the date that the IRS received the funds.

 Courts have determined that a right to future payments is a property interest itself which is attachable by a federal tax lien. *See In re Carlson,* 180 B.R. 593 (Bankr.E.D.Cal.1995) (debtor's vested interest in state pension plan attachable by federal tax lien); *In re Connor,* 91–2 USTC 50,-582, 1991 WL 337537 (Bankr.D.Alaska 1991) (right to payment of future state pension benefits subject to federal tax lien); *In re Morris,* 1993 WL 525657 (Bankr.W.D.Tenn. 1993) (Social Security disability benefits subject to federal tax lien prior to the time actually received); *In re Evans,* 155 B.R. 234 (Bankr.N.D.Okla.1993) (right to receive qualified pension plan payments is property right to which federal tax lien attached). Likewise, the Debtor's right to receive future Social Security benefits constitutes a property interest attachable by a federal tax lien. The federal tax lien is effective with respect to the taxpayer on the date of assessment, 26

U.S.C. § 6322, and is effective with respect to third parties on the date of filing of the Notice of Federal Tax Lien, 26 U.S.C. § 6323. The transfer, for purposes of § 547(b) occurred not when the IRS levied on the Social Security benefits, but at the earlier date when the right to receive those benefits became subject to the tax lien. Because the IRS had a valid tax lien against the Debtor's right to future Social Security benefits for more than two years prior to the petition date, the Plaintiff cannot make a prima facia case under § 547(b).

### CONCLUSION

11 U.S.C. § 547(b) requires, inter alia, that a transfer occur within 90 days of the petition date for the transfer to be deemed preferential under that section. Because the transfer in this case occurred more than 90 days prior to the petition date, the Debtor would be unable to prove all elements necessary under § 547(b). Accordingly, Defendant's motion for summary judgment is granted.

---

**2.** Presumably for consumables or items which would not otherwise increase the amount of

Debtor's personal property subject to the federal tax lien.