Ronald J. **ALLISON** & Martha J. Allison, Appellants,

v.

**UNITED STATES of America, U.S. Internal Revenue Service, & the Boilermaker–Blacksmith National Pension Trust, Appellees.**

No. CV 98–181–BLG–JDS.

United States District Court, D. Montana, Billings Division.

April 16, 1999.

Ronald Jesse Allison, Martha J. Allison, Forsyth, MT, pro se.

Victoria L. Francis, Office of the U.S. Attorney, Billings, MT, Karl J. Englund, Attorney at Law, Missoula, MT, Mark A. Kistler, Blake & Ulig, PA, Kansas City, KS, for appellees.

## ORDER

SHANSTROM, Chief Judge.

Before the Court is the Allisons' appeal from the Order and Judgment of the United States Bankruptcy Court for the District of Montana entered on December 4, 1998. Also pending is the motion for sanctions against the Allisons filed by the Boilermaker–Blacksmith National Pension Trust [the Trust].

## DISCUSSION

*The Allisons' Appeal*

■ This Court reviews the bankruptcy court's interpretation of the law *de novo*, and its findings of fact for clear error. *See Worthington v. General Motors Corp. (In re Claremont Acquisition Corp., Inc.)*, 113 F.3d 1029, 1031 (9th Cir.1997).

In their appeal, the Allisons assert eight errors by the bankruptcy court: (1) not granting the relief sought in the Complaint; (2) not granting the Allisons' motion for a TRO; (3) not granting the Allisons' motion for a preliminary injunction; (4) granting the Boilermaker Trust's motion to dismiss; (5) granting the USA's and IRS's motion for summary judgment; (6) first making a finding that it "did not have jurisdiction over this matter and then proceeding, anyway, to hear the matter and to rule on the substantive motions of Defendants"; (7) entering an Order and Judgment against the Allisons with prejudice; and (8) granting the costs of this litigation to the Defendants and against the Allisons.

Essentially, the Allisons refuse to accept the validity of the actions taken against them by the Internal Revenue Service [IRS] over the past several years, alleging that the IRS has no authority to tax them. Therefore, they argue, the IRS's collection of their tax debts is unlawful.

■ This Court has reviewed the decisions of the bankruptcy court and concludes that none of the court's findings of

fact were erroneous. Furthermore, this Court agrees with the bankruptcy court's conclusion that the only unresolved and determinable issue raised by the Allisons' Complaint was whether IRS tax liens arising pre-bankruptcy-petition "can attach to the post-petition pension payments in view of the discharge entered by the Court in the Debtor's Chapter 7 bankruptcy proceeding." (Order of Bankruptcy Court, 97–12264–7, Dec. 4, 1998, at 15.) Upon *de novo* review of the bankruptcy court's analysis of that issue, this Court also concludes that Ronald Allison's pension is subject to attachment under 26 U.S.C. § 6321, and the bankruptcy court correctly granted summary judgment to the United States and correctly granted the Trust's motion to dismiss, pursuant to 26 U.S.C. § 6332(e).

*The Trust's Motion for Sanctions*

The Trust moves, pursuant to Fed. R.Civ.P. 11, for an order sanctioning the Allisons for asserting a frivolous claim against the Trust.

Fed.R.Bankr.P. 9011(b) provides that the Allisons, by presenting their pleadings against the Trust to the court, certify that the action is "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." This Court agrees with the bankruptcy court that the Trust "should never have been sued in this action .... [and it] has an absolute defense to this spurious action under 26 U.S.C. § 6332(d) and (e)." Even in response to the motion for sanctions, the Allisons do not assert any nonfrivolous argument as a basis for their suit against the Trust. Therefore, this Court finds that sanctions are warranted.

Accordingly,

**IT IS ORDERED:**

1. The Order and Judgment of the United States Bankruptcy Court for the District of Montana in this matter, dated December 4, 1998, are **affirmed**; and

2. The Motion of the Boilermaker–Blacksmith National Pension Trust for Sanctions [Doc. No. 25] is granted and the Trust shall, on or before May 7, 1999, file with this Court an itemization of its costs and reasonable attorney's fees in defense of the Allisons' claim, to which the Allisons may respond no later than May 21, 1999.

The Clerk of Court shall forthwith notify the parties of this Order.