In re Dick D. ANDERSON, Debtor.

Dick D. Anderson, Plaintiff,

v.

Internal Revenue Service, Department of Treasury, Defendants.

Bankruptcy No. 99–21437–7.
Adversary No. 99/00126.

United States Bankruptcy Court,
D. Montana.

June 1, 2000.

James J. Screnar, Angel Law Firm, Bozeman, MT, for plaintiff.

Bill Mercer, Assistant U.S. Attorney, Missoula, MT, for defendant.

## ORDER

RALPH KIRSCHER, Bankruptcy Judge.

In this adversary proceeding, after due notice, a trial was held February 25, 2000, at Butte on the Plaintiff's Complaint to Determine Dischargeability under 11 U.S.C. § 523(a)(1) and for a Declaratory Judgment that the Tax Collectible Period has expired. Plaintiff/Debtor, Dick D. Anderson ("Anderson") attended the trial, but was not called as witness. Counsel for the parties appeared at the time scheduled for trial and represented to the Court that

the parties were attempting to settle this matter and requested ten (10) days to continue such settlement negotiations. In the event the parties failed to settle this case within said ten (10) days, counsel for the parties stipulated on the record that: (1) all exhibits presented by Defendant would be deemed admitted, including: Trial Exhibits "A", "B", "C", "D", "E", "F", "G", and "H"; Exhibit 1 to Defendant's Answer; and all exhibits attached to the Defendant's proof of claim; (2) all facts admitted through the pleadings would be deemed submitted; (3) prior to Plaintiff filing bankruptcy, Defendant executed and levied on Plaintiff's social security payments; and (4) if the parties did not reach a resolution on the issues within ten (10) days from the date of the scheduled trial then the Defendant would have ten (10) days to file a responsive brief. As the Defendant has filed a responsive brief the Court concludes the issues in this case have not been settled. Based upon the parties stipulation in open court, this matter is ready for a decision.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I), (K) and (O) to determine the dischargeability of certain income taxes and the extent to which any filed federal tax liens attached to Debtor's property, including social security benefits received by Debtor post-petition. For the reasons set forth below, Judgment shall be entered as follows:

1. Debtor is discharged of the assessed taxes for years 1979, 1980, 1981, 1982, 1983, 1984, 1985, 1987, 1990, 1991, and 1992;

2. The filed federal tax liens attached to the prepetition property of Debtor, including Debtor's right to receive pre— and postpetition social security benefits;

3. If any levy pursuant to 26 U.S.C. §§ 6330 and 6331(h) is approved, such continuous levy shall only attach up to 15 percent of any speci-fied payment as defined by 26 U.S.C. § 6331(h)(2), including Debtor's future monthly social security payment;

4. The statute of limitation for collection after assessment under 26 U.S.C. § 6502 has not expired.

This Order constitutes the Court's findings of fact and conclusions of law under F.R.B.P. 7052 (applying Fed.R.Civ.P. 52(a) in adversary proceedings).

Plaintiff's assessed and unpaid federal income tax can be identified as follows:

ASSESSED AND UNPAID FEDERAL INCOME TAX

| Kind of Tax | Tax Period | Date Tax Assessed | Notice of Lien Filed Date | Location |
|---|---|---|---|---|
| Income | 12/31/79 | 12/15/86 | 07/19/95 | Park |
| Income | 12/31/80 | 12/15/86 | 07/19/95 | Park |
| Income | 12/31/81 | 12/15/86 | 07/19/95 | Park |
| Income | 12/31/82 | 12/15/86 | 07/19/95 | Park |
| Income | 12/31/83 | 12/15/86 | 07/19/95 | Park |
| Income | 12/31/84 | 12/15/86 | 07/19/95 | Park |
| Income | 12/31/85 | 06/29/86 | 07/19/95 | Park |
| Income | 12/31/87 | 07/22/96 | 11/16/98 | Gallatin |
| Income | 12/31/90 | 07/22/96 | 11/16/98 | Gallatin |
| Income | 12/31/91 | 07/22/96 | 11/16/98 | Gallatin |
| Income | 12/31/92 | 07/22/96 | 11/16/98 | Gallatin |

The amended proof of claim filed by the Internal Revenue Service ("IRS"), to which no objection has been filed, establishes the following indebtedness owed by Debtor to the IRS:

AMOUNT DUE

| | TAX DUE | PENALTY TO PETITION DATE | INTEREST TO PETITION DATE |
|---|---|---|---|
| 12/31/79 | $25,912.29 | $62,745.24 | $144,717.72 |
| 12/31/80 | $33,662.00 | $73,438.88 | $159,627.50 |
| 12/31/81 | $38,751.00 | $128,213.82 | $164,240.90 |
| 12/31/82 | $35,563.00 | $104,969.87 | $129,589.79 |
| 12/31/83 | $35,737.00 | $88,527.81 | $115,691.09 |
| 12/31/84 | $36,696.00 | $56,926.91 | $122,908.92 |
| 12/31/85 | $38,152.40 | $88,636.06 | $92,121.04 |
| 12/31/87 | $6,483.00 | $6,530.01 | $11,155.75 |
| 12/31/90 | $12,675.00 | $9,495.00 | $13,123.17 |
| 12/31/91 | $13,006.00 | $10,037.12 | $10,090.25 |
| 12/31/92 | $13,262.00 | $9,578.50 | $8,599.31 |
| TOTAL | $289,899.69 | $639,099.22 | $971,865.44 |

TOTAL DUE ALL CATEGORIES: $1,900,864.35

The taxes for the years 1979, 1980, 1981, 1982, 1983, 1984 were assessed on December 15, 1986. The tax for year 1985 was assessed on June 29, 1987. *See* Amended Proof of Claim, filed November 19, 1999. The taxes for the years 1987, 1990, 1991, and 1992 were assessed on July 22, 1996. *See* Amended Proof of Claim, filed November 19, 1999. The offer in compromise was pending from September 26, 1996, when accepted by the IRS and was terminated on March 20, 1998, when terminated

by the IRS. Ex. A and D. The ten year period for collection by levy or judicial action would have expired on December 12, 1996 for years 1979 through 1984 and on June 26, 1997 for year 1985 [1]. At the time the offer in compromise was accepted by the IRS, seventy-seven (77) days remained before the expiration of the ten year period for years 1979 through 1984.[2] Through the same calculation, 273 days remained before the expiration of the ten year period for year 1985.[3] When the IRS terminated the offer in compromise, the statute of limitation again began to run for the remaining time of the ten year period plus one year as required by the offer in compromise. Ex A, Para. (n)(iv). Consequently, the statute of limitation provided by 26 U.S.C. § 6502(a) would have expired on June 5, 1998 for years 1979 through 1984 and would have expired on December 18, 1998 for year 1985.[4] Debtor filed his bankruptcy petition on June 1, 1999, thereby again suspending the running of any period of limitations provided by 26 U.S.C. § 6502. *See* 26 U.S.C. § 6503(h).[5] Debtor received his discharge in bankruptcy on September 13, 1999.

Debtor became eligible for social security benefits prior to filing bankruptcy; the IRS levied on his prepetition social security benefits. Every individual satisfying certain qualifying criteria, subject to some limitations, is entitled to receive social security benefits. *See* 42 U.S.C. § 402. Pursuant to 42 U.S.C. § 407(a), a person's right to receive future social security payments is not transferable or assignable and the payments or rights to payments are not subject to execution, levy, attachment or other legal process. However § 407(b), limits the general restrictions of § 407(a) by stating no other provision of law may limit such restrictions of paragraph (a) unless the other provision makes specific reference to § 407. Section 6334(c) of the Internal Revenue Code (26 U.S.C. § 6334) provides: Notwithstanding any other law of the United States (including section 207 of the Social Security Act)[6], no property or rights to property shall be exempt from levy other than the property specifically made exempt in subsection (a). *See Leining v. U.S.*, 1996 WL 857913, 97–1 U.S.T.C. ¶ 50254 (D.Conn.1996) (social security benefits are subject to levy); *see also U.S. v. Cleveland*, 1994 WL 411376, 94–2 U.S.T.C. ¶ 50421. Given the broad levying powers of § 6334(c), Congress included in the provisions of the Taxpayer Relief Act of 1997 a new provision in § 6331 which allows a continuing levy subject to a percentage limitation. Section 6331(h) provides in pertinent part:

(1) If the Secretary approves a levy under this subsection, the effect of such levy on specified payments to or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released. Notwithstanding section 6334, such continuous levy shall attach to up to 15 percent of any specified payment due to the taxpayer.

(2) For the purposes of paragraph (1), the term "specified payment" means—

(A) any Federal payment other than a payment for which eligibility is based on the income or assets of a payee,

1. Calculated by multiplying 10 years times 365 days.

2. From September 26, 1996 to December 12, 1996 equals 77 days.

3. From September 26, 1996 to June 26, 1997 equals 273 days.

4. March 20, 1998 plus one year and 77 days is June 5, 1999 and March 20, 1998 plus one year and 273 days is December 18, 1999.

5. The court does not have before it any issue or question as to when the suspension may end and therefore renders no opinion on when the statute again begins running.

6. This provision, § 207, has been codified and renumbered as 42 U.S.C. § 407.

(B) any payment described in paragraph (4), (7), (9), or (11) of section 6334(a), and

(C) any annuity or pension payment under the Railroad Retirement Act of benefit under the Railroad Unemployment Insurance Act.

In the Conference Report on H.R. 2014, the Taxpayer Relief Act of 1997, Congress provided:

> The House bill amends the Code to provide that a continuous levy is also applicable to non-means tested recurring Federal payments. This is defined as a Federal payment for which eligibility is not based on the income and/or assets of a payee. For example, Social Security payments, which are subject to levy under present law, would become subject to continuous levy. In addition, The House bill provides that this levy would attach up to 15 percent of any specified payment due the taxpayer. This rule explicitly replaces the other specifically enumerated exemptions from levy in the Code. A continuous levy of up to 15 percent would also apply to unemployment benefits and means-tested public assistance.

143 Cong.Rec. H 6409–01 (daily ed., July 30, 1997), 1997 WL 428059 (Cong.Rec.), Conference Report on H.R.2014, Taxpayer Relief Act of 1997 (statement of Mr. Archer). Consequently, any future levies by the IRS on Anderson's social security benefits should be limited to the 15 percent limitation contained in § 6334(h).

 The next issue considers whether prepetition federal tax liens attach to postpetition social security benefits. Section 6321 provides that if a person liable to pay a tax refuses to do so after demand, the amount owing shall be a lien "upon all property and rights to property, whether real or personal, belonging the such person." "This statutory grant is 'broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have ...' Stronger language could hardly have been selected to reveal a purpose to assure collection of taxes'" *In re Allison*, 232 B.R. 195, 205 (Bankr.Mont.1998), *aff'd*, 242 B.R. 705 (D.Mont.1999) (*citing United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719–20, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985)); *see also U.S. v. Barbier*, 896 F.2d 377, 379 (9th Cir.1990). The tax lien is created as of the assessment date and continues until the liability is satisfied or becomes unenforceable due to the passage of time. 26 U.S.C. § 6322. This tax lien attaches to a taxpayer's property immediately upon assessment. The lien however does not attach to a taxpayer's property acquired postpetition when the tax debt is discharged in bankruptcy. *See Allison*, 232 B.R. at 205–06; *United States v. Sanabria*, 424 F.2d 1121 (7th Cir.1970). The lien does remain valid and attached to prepetition property despite a discharge. *Allison*, 232 B.R. at 206 (*citing Dewsnup v. Timm*, 502 U.S. 410, 417, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) and *Isom v. United States (In re Isom)*, 901 F.2d 744 (9th Cir.1990)); *In re Dishong*, 188 B.R. 51, 54–55 (Bankr.M.D.Fla.1995). In this analysis, state law controls the nature of Anderson's property interests and rights. *Allison*, 232 B.R. at 207; *In re Connor*, 1991 WL 337537, 91–2 U.S.T.C. ¶ 50582 (Bankr.Alaska 1991) *aff'd*, 27 F.3d 365 (9th Cir.1994). Under Montana law, social security benefits are deemed property by definition, Mont.Code Ann. § 1–1–205, and by exemption, Mont.Code Ann. § 25–13–608(1)(b). *See Dean v. Fred's Towing*, 245 Mont. 366, 801 P.2d 579, 582 (1990) (spouse's social security benefits found exempt from execution). Anderson's entitlement to social security benefits arose prepetition; consequently the federal tax lien attached to his right to receive such benefits. As stated by this court in *Allison*, "when the debtor has an unqualified right to receive certain pension payments ... prior to the date of the bankruptcy petition, the right to receive the future payments constitutes property or a right to payment subject to attachment under § 6321." *Allison*, 232

B.R. at 207. Rights to pension payments are analogous to social security benefits. *In re Roberts,* 219 B.R. 573, 575 (Bankr. Or.1997). The future payments of social security payment to be received by Anderson are subject to the federal tax liens filed by the IRS.

The distinction between a levy and a lien is discussed in *U.S. v. Barbier,* 896 F.2d 377, 379 (9th Cir.1990). The levy is a quick, forcible means to receive the payment of taxes subject to specific protections set forth in § 6330 and § 6331; whereas a lien serves as a security interest and does not involve the immediate seizure of property.

Based upon the foregoing,

IT IS HEREBY ORDERED:

1. Debtor is discharged of the assessed taxes for years 1979, 1980, 1981, 1982, 1983, 1984, 1985, 1987, 1990, 1991, and 1992;

2. The filed federal tax liens attached to the prepetition property of Debtor, including Debtor's right to receive pre— and postpetition social security benefits;

3. If any levy pursuant to 26 U.S.C. §§ 6330 and 6331(h) is approved, such continuous levy shall only attach up to 15 percent of any specified payment as defined by 26 U.S.C. § 6331(h)(2), including Debtor's future monthly social security payments;

4. The statute of limitation for collection after assessment under 26 U.S.C. § 6502 has not expired.

5. Each party shall pay their own costs and attorney's fees.

Judgment shall be entered and docketed accordingly.