T.C. Memo. 2003-191


UNITED STATES TAX COURT


NITA B. LEISSNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6908-00.                    Filed July 1, 2003.


        P and her ex-husband filed joint Federal income
tax returns for 1986 and 1987 showing tax owed; they
did not pay the taxes with the returns.  Before July
22, 1998, R collected by levy an amount from P's
individual retirement account and applied the amount so
collected to the unpaid 1986 and 1987 tax liabilities.
P requested relief under sec. 6015(f), I.R.C.  R denied
P's request for relief.  P filed a petition in this
Court seeking review of R's determination and
requesting a refund of the amount collected from her
individual retirement account.  R contends that sec.
6015(f), I.R.C., does not apply to the portion of the
tax liability that was paid on or before July 22, 1998.

        <u>Held</u>:  Since a portion of P's 1986 and 1987 tax
liabilities remained unpaid as of July 22, 1998, P is
entitled to a refund of the amount levied from her
individual retirement account that was applied to her
1986 and 1987 tax liabilities.  <u>Washington v.
Commissioner</u>, 120 T.C. 137 (2003), followed.

Donald R. Williams, for petitioner.

Audrey M. Morris, for respondent.


MEMORANDUM OPINION

NIMS, Judge:  Respondent determined that petitioner is not entitled to relief from joint and several liability for tax under section 6015(f) for 1986 and 1987.  Petitioner filed a petition under section 6015(e)(1) seeking review of respondent's determination.  The parties agree that petitioner would be eligible for relief under section 6015(f) if refund or credit of a resulting overpayment were not statutorily barred.  The issue for decision is therefore whether such refund or credit is available to petitioner for her taxable years 1986 and 1987.

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This case was submitted fully stipulated pursuant to Rule 122, and the facts are so found.  The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference.

## Background

At the time the petition was filed in this case, petitioner resided in Kerrville, Texas.

Petitioner was married to Gary A. Leissner (Mr. Leissner) during 1986 and 1987. Petitioner and Mr. Leissner separated on July 11, 1986. The decree ending the marriage of petitioner and Mr. Leissner was filed on December 27, 1988, and ordered Mr. Leissner to pay all Federal income tax liabilities from the date of the marriage through tax year 1987.

Petitioner and Mr. Leissner filed joint individual income tax returns for 1986 (the 1986 return) and 1987 (the 1987 return) on June 5, 1989. No payments were made at the time these returns were filed. The 1986 return showed a balance due of $44,199, which was assessed on July 17, 1989. The 1987 return showed a balance due of $3,822, which was assessed on July 10, 1989. Pursuant to sections 6321 and 6322, liens in favor of the United States upon all property and rights to property belonging to petitioner arose at the time the 1986 and 1987 taxes were assessed.

On November 18, 1992, respondent notified petitioner that she was not eligible for so-called "innocent spouse" relief under section 6013(e), as it then existed, for her tax years 1986 and 1987.

In November 1996, respondent served a notice of levy on petitioner's individual retirement account with Merrill Lynch (the Merrill Lynch account). On December 27, 1996, Merrill Lynch

issued a check in the amount of $19,980.69 to the Internal Revenue Service in response to the notice of levy.

On January 7, 1997, the aforementioned $19,980.69 was allocated to petitioner and Mr. Leissner's 1986 and 1987 tax liabilities as follows: $8,710.27 was applied to the 1986 tax liability and $11,270.42 was applied to the 1987 tax liability.

The parties stipulated that the application of $11,270.42 to the 1987 tax liability fully paid the tax, penalties, and interest due for 1987. The parties agree that a lien filing fee of $32 relating to 1987 was not paid along with the tax, penalties, and interest for 1987. The parties do not agree as to whether the lien filing fee is part of petitioner's 1987 tax liability.

On March 3, 1997, petitioner filed for Chapter 7 bankruptcy relief. On July 9, 1997, petitioner received a personal discharge from liability for her 1986 and 1987 income tax liabilities.

Mr. Leissner did not pay the 1986 tax liabilities prior to July 22, 1998.

As of July 22, 1998, petitioner and Mr. Leissner had an outstanding income tax liability of $65,905.43 for 1986. As of July 22, 1998, a lien filing fee of $32 was outstanding for 1987.

On November 30, 1998, petitioner filed Form 911, Application for Taxpayer Assistance Order, seeking a refund of the money

levied from the Merrill Lynch account.  Attached to the Form 911 was Form 8857, Request for Innocent Spouse Relief, for petitioner's tax years 1986 and 1987.  On November 30, 1998, there was a balance due and owing for income taxes on the joint assessment against Mr. Leissner and petitioner for 1986.  When petitioner filed her claim for refund, not more than 2 years had passed since the application of $8,710.27 to petitioner's 1986 tax liability and the application of $11,270.42 to petitioner's 1987 tax liability on January 7, 1997.

On July 26, 1999, respondent issued to petitioner a denial of equitable relief under section 6015(f), for tax years 1986 and 1987.

On August 23, 1999, respondent received petitioner's request for an Appeals conference regarding the proposed denial of section 6015(f) equitable relief.

On March 17, 2000, respondent issued a final "Determination Letter Under Equitable Relief Provisions of IRC Section 6015(f)".

There are no documents that prove that petitioner knew that Mr. Leissner would not pay the amounts due on the 1986 return and the 1987 return.  Prior to filing the petition in this case, petitioner had exhausted all her administrative remedies.

Petitioner is not eligible for relief under sections 6015(b) or (c), as there was no understatement of income tax liability on the 1986 return or the 1987 return.

## Discussion

### I.  General Rules

In general, spouses filing joint Federal income tax returns are jointly and severally liable for all taxes due.  Sec. 6013(d)(3).  Under certain circumstances, however, section 6015 provides relief from this general rule.

Section 6015 applies to any liability for tax arising after July 22, 1998, and to any liability for tax arising on or before July 22, 1998, but "remaining unpaid" as of that date.  Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(g), 112 Stat. 740.  Section 6015 does not apply if the tax was paid in full on or before July 22, 1998. Washington v. Commissioner, 120 T.C. 137, 145 (2003)(citing Brown v. Commissioner, T.C. Memo. 2002-187).

If a taxpayer's request for relief under section 6015 is denied, the taxpayer may petition this Court, pursuant to section 6015(e)(1), for a review of such determination.  Washington v. Commissioner, supra at 145.

Section 6015(g) governs the allowance of credits and refunds in cases where a taxpayer is granted relief under section 6015. Section 6015(g) provides:

SEC. 6015(g).  Credits and Refunds.--

   (1) In general.--Except as provided in paragraphs
(2) and (3), notwithstanding any other law or rule of
law (other than section 6511, 6512(b), 7121, or 7122),

> credit or refund shall be allowed or made to the extent attributable to the application of this section.

Thus, any refund available to petitioner is limited to the extent attributable to the application of section 6015, and subject to any limitation imposed by sections 6511, 6512(b), 7121, or 7122.

II. Parties' Contentions Regarding the Applicability of Section 6015(f)

The parties stipulated that petitioner would be eligible for relief under section 6015(f) if relief were not barred as described in section 6015(g). Petitioner argues that section 6015(f) relief is "available for the entire tax liability of any tax year for which any portion was unpaid on the date of enactment." Petitioner contends that she is entitled to a refund of the amount levied from the Merrill Lynch account and applied to the 1986 and 1987 tax liabilities. Petitioner argues that she is entitled to such a refund even though the amount was paid prior to July 22, 1998, the effective date of section 6015(f).

Respondent argues that section 6015(f) applies only to (1) liabilities arising after July 22, 1998, and (2) amounts paid after July 22, 1998. Respondent contends that petitioner is not entitled to a refund of the levied amounts because they were paid prior to July 22, 1998.

III. Analysis of the Applicability of Section 6015(f)

On July 17, 2002, respondent adopted regulations under section 6015. These regulations are applicable for all elections

or requests for relief filed on or after July 18, 2002. Sec. 1.6015-9, Income Tax Regs. These regulations are not applicable in the instant case because petitioner requested relief before July 18, 2002.

Subsequent to the expiration of the briefing schedule in this case, this Court decided Washington v. Commissioner, supra, in which we held that section 6015(f) applies to the full amount of any preexisting tax liability for a particular taxable year, if any part of that liability remains unpaid as of the date of enactment, and not just to portions of tax liability that remain unpaid after July 22, 1998. Consequently, if any part of the tax liability for a particular year remained unpaid as of July 22, 1998, petitioner is entitled to a refund of the entire amount that was paid and applied to the tax liability of that particular year, even if such amount was paid prior to July 22, 1998.

IV. Parties' Contentions Regarding the Amount of Petitioner's Tax Liabilities Remaining Unpaid as of July 22, 1998

The parties stipulated that on July 22, 1998, there was an outstanding income tax liability for petitioner's 1986 tax year. The parties also stipulated that the application by the Internal Revenue Service of $11,270.42 on January 7, 1997, to the 1987 liability fully paid the tax, penalties, and interest due for the 1987 tax year. The only amount remaining unpaid for 1987 after the application of said amount was a $32 lien filing fee.

Respondent argues that no portion of petitioner's tax liability for 1986 or 1987 remained unpaid as of July 22, 1998. Respondent contends that the 1987 tax liability was fully paid as of July 22, 1998, as a result of the aforementioned application of $11,270.42 from the Merrill Lynch account to the 1987 tax liability. Respondent also contends that petitioner's tax liabilities, including the outstanding 1986 tax liability, were rendered uncollectible by petitioner's bankruptcy discharge.

Petitioner contends that a portion of her tax liability for both 1986 and 1987 remained unpaid as of July 22, 1998. Petitioner argues that she is therefore entitled to a refund of the amount levied from the Merrill Lynch account and applied to her 1986 and 1987 liabilities.

Petitioner argues that the lien filing fee, which remained unpaid for 1987 as of July 22, 1998, should be considered part of her 1987 tax liability so that a portion of her 1987 tax liability remained unpaid as of July 22, 1998. Petitioner argues that considering the lien filing fee as part of the tax liability is consistent with section 6321, which provides:

SEC. 6321. LIEN FOR TAXES.

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Petitioner further argues that, following personal discharge in bankruptcy, her underlying tax liabilities did not cease to exist and were not extinguished by the discharge. Petitioner argues that her personal discharge in bankruptcy was not an in rem discharge, and existing Federal tax liens remained in full force and effect against all assets petitioner owned prior to filing her bankruptcy petition. Petitioner contends that the effect of her "discharge is to prevent the IRS from collecting the unpaid 1986 and 1987 liabilities from assets acquired by the Petitioner subsequent to the date her bankruptcy petition was filed."

V. Analysis Regarding the Amount of Petitioner's Tax Liabilities Remaining Unpaid as of July 22, 1998

We agree with petitioner that an assessed lien filing fee is part of a tax liability. As petitioner notes, costs of the lien may be included in the amount of the lien under section 6321. Respondent assessed the lien filing fee and makes no argument that he would not seek to collect it from petitioner if she had not received a personal discharge in bankruptcy. This Court has previously treated assessed collection costs, including lien filing fees, as a part of the taxpayer's tax liability. See, e.g., Sponberg v. Commissioner, T.C. Memo. 2002-177; Hansen v. Commissioner, T.C. Memo. 1996-158. Consequently, petitioner's 1987 tax liability was not paid in full as a result of the

application of $11,270.42 from the Merrill Lynch account to petitioner's 1987 tax liability.

Respondent argues that since petitioner's tax liabilities were uncollectible due to her personal discharge in bankruptcy on July 9, 1997, no portion of petitioner's tax liabilities remained unpaid as of July 22, 1998. Petitioner argues that her personal discharge in bankruptcy did not extinguish her tax liabilities.

The parties stipulated that a portion of petitioner's 1986 income tax liability was outstanding as of July 22, 1998. As a result of our holding that the assessed lien filing fee was part of petitioner's 1987 tax liability, a portion of petitioner's 1987 income tax liability was outstanding as of July 22, 1998. A discharge of personal liability in bankruptcy "extinguishes only one mode of enforcing a claim -- namely, an action against the debtor in personam -- while leaving intact another -- namely, an action against the debtor in rem." Johnson v. Home State Bank, 501 U.S. 78, 84 (1991). Consequently, petitioner's bankruptcy discharge did not change the fact that a portion of petitioner's tax liabilities for 1986 and 1987 remained unpaid.

Assuming, for the sake of argument, that respondent is correct that tax liabilities are considered paid when, if ever, they become uncollectible, we address respondent's contention that petitioner's 1986 and 1987 tax liabilities were rendered uncollectible as a result of her personal discharge in

bankruptcy.  Federal tax liens are not extinguished by personal discharge in bankruptcy.  11 U.S.C. sec. 522(c)(2)(B) (2000); see also Johnson v. Home State Bank, supra at 84.  Any existing Federal tax liens remain in effect and attach to assets owned prior to the date of filing the bankruptcy petition.  11 U.S.C. sec. 522(c)(2)(B) (2000); In re Connor, 27 F.3d 365, 366 (9th Cir. 1994) ("A preexisting lien on property, however, remains enforceable against that property even after an individual's personal liability has been discharged.").

When petitioner filed for bankruptcy, there was a valid and existing Federal tax lien on her property, and notice of levy had been served regarding at least the Merrill Lynch account.  In her bankruptcy filings, petitioner included as an asset the amount of money that then existed in the Merrill Lynch account.  The existing Federal tax lien that attached to these funds was not extinguished in her bankruptcy.  Consequently, as of July 22, 1998, a portion of petitioner's tax liabilities for 1986 and 1987 remained collectible, notwithstanding petitioner's relief from personal liability by the bankruptcy court's discharge.  As a result, we need not address whether respondent is correct in asserting that tax liabilities are considered paid when, if ever, they become uncollectible.

VI.  Conclusion

We hold that petitioner is entitled to a refund of the amount levied from her Merrill Lynch account that was applied to her 1986 and 1987 tax liabilities.

To reflect the foregoing,

Decision will be entered

for petitioner.