**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CORRIE MILES,

                 Petitioner - Appellant,

   v.

COMMISSIONER OF INTERNAL
REVENUE,

                 Respondent - Appellee.

No. 07-74476

Tax Ct. No. 16887-05L

MEMORANDUM[*]

Appeal from the United States Tax Court
Juan F. Vasquez, Judge, Presiding

Submitted August 6, 2010[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, WARDLAW, Circuit Judge, and SINGLETON,
Senior District Judge.[***]

---

       [*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

       [**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

       [***]     The Honorable James K. Singleton, United States District Judge for
the District of Alaska, sitting by designation.

Corrie Miles appeals the United States Tax Court's decision that the Commissioner of Internal Revenue may collect unpaid federal income tax liabilities from her retirement assets. We affirm.

In 1998 and 1999 the Commissioner filed federal tax liens for Miles' 1997 and 1998 tax liabilities which attached to her pre-Chapter 7 IRA to the extent of its then value. Although the bankruptcy court discharged her personal tax liability, the pre-existing liens on her IRA remain enforceable post-discharge. *Connor v. United States (In re Connor)*, 27 F.3d 365, 366 (9th Cir. 1994). Therefore, the Tax Court correctly concluded that the Commissioner could proceed *in rem* against Miles' IRA to the extent of $142,545.90 – the amount of the pre-petition funds in the IRA.

The Tax Court also properly concluded that the liens remain valid even after Miles allegedly[1] transferred her IRA into an ERISA-qualified plan. The transfer of property following the attachment of a lien does not affect the lien itself. *United States v. Bess*, 357 U.S. 51, 57 (1958). Therefore, Miles could not in effect extinguish the lien by transferring the IRA funds to a different account. *United States v. Rodgers*, 461 U.S. 677, 691 n.16 (1983).

---

[1]Miles has not introduced evidence that she actually transferred the funds in her IRA to an ERISA-qualified pension plan.

Any funds Miles transferred from her IRA to an ERISA-qualified plan are subject to levy by the IRS. I.R.C. § 6331 authorizes the IRS to levy "all property and rights to property" to collect assessed income tax liabilities. *See United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719-20 (1985). And while I.R.C. § 6334 specifically exempts certain pension plans from levy — such as those under the Railroad Retirement Act — ERISA pension plans are not so exempt.

The Tax Court also properly rejected Miles's assertion that she has no existing property rights in an ERISA account that is not in "payout" status. An ERISA planholder has a nonforfeitable right in the accrued benefits of the plan. 29 U.S.C. § 1053(a)(1). "[N]onforfeitable" is defined as an unconditional claim to a deferred benefit of the plan arising from the participant's contributions. 29 U.S.C. § 1002(19). The IRS may collect and levy on "post-retirement payments that otherwise would have automatically gone to the taxpayer." *United States v. Novak*, 476 F.3d 1041, 1062 (9th Cir. 2007) (en banc). Miles had the burden of showing that she transferred the funds in her IRA to an ERISA-qualified plan that was not in payout status. *See id*. at 1064. Because she failed to meet that burden, the IRS

settlement officer's final proposal to Miles was not an abuse of discretion. *See*

*Fargo v. Comm'r*, 447 F.3d 706, 709 (9th Cir. 2006).[2]

**AFFIRMED.**

---

[2] The IRS moved to strike a portion of Miles' amended opening brief. Because we affirm the judgment in favor of the IRS without relying on the disputed section, we deny the motion as moot.